IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SILVER SPRING JEWISH CENTER, et al.

v. : Civil Action No. DKC 26-2963

MONTGOMERY COUNTY, MARYLAND, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this challenge to portions of the Montgomery County law on weapons[1] is the motion to amend judgment or, in the alternative, for injunction pending appeal filed by Plaintiffs Silver Spring Jewish Center, Inc. ("SSJC") and Rabbi J. Menashe Shapiro (collectively, "Plaintiffs"). (ECF No. 39). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

## I. Background

The facts giving rise to this dispute are set forth in a previous opinion. (ECF No. 35, at 8-9). In brief, the procedural history is as follows. SSJC and Rabbi Shapiro filed their motion

[1] This action is purportedly focused on recent amendments made through "Expedited Bill No. 23-26" ("EB23-26"). The dispute, however, is not just about the amendments enacted in EB23-26; it also involves the underlying County regulation of firearm possession by persons holding a permit to carry, wear, or transport a handgun.

for a temporary restraining order or preliminary injunction on the same day they filed their four-count complaint—July 30, 2026. (ECF Nos. 1; 5). Their claims are against Montgomery County, Maryland ("County"), Marc Elrich, and Darren Francke (collectively, "Defendants"[2]) and are brought pursuant to the following federal constitutional provisions: (1) the Free Exercise Clause; (2) the Establishment Clause; (3) the Second Amendment; and (4) the Equal Protection Clause. Under 42 U.S.C. § 1983, SSJC and Rabbi Shapiro bring their action for the deprivation of constitutional rights, applicable via the Fourteenth Amendment. Pertinent here, SSJC and Rabbi Shapiro challenge firearm restrictions within 100-yard buffer zones surrounding places of public assembly.[3]

After a brief pause to see what transpired in a tangentially related case pending in the Circuit Court for Montgomery County, Defendants filed their opposition to the motion for preliminary relief on August 24, 2026. (ECF No. 26). SSJC and Rabbi Shapiro replied on August 31, 2026. (ECF No. 29). On September 3, 2026,

---

[2] Mr. Elrich is sued in his official capacity as County Executive of Montgomery County. Pursuant to Fed.R.Civ.P. 25(d), Acting Police Chief Francke is automatically substituted for Marc R. Yamada, who was originally sued in his official capacity as Chief of Police of Montgomery County, but has since resigned. (ECF No. 39, at 1 n.2).

[3] The 100-yard buffer zone firearm restriction is found in Montgomery County Code ("Code") Section 57-11(a); the Code defines places of public assembly in Section 57-1.

a hearing was held on the preliminary relief motion in coordination with another case challenging the same provisions of the Code.[4]

A week later (September 10), the court issued its Memorandum Opinion and Order granting in part and denying in part SSJC and Rabbi Shapiro's preliminary relief motion. (ECF Nos. 35; 36). Relevant here, the court found that SSJC and Rabbi Shapiro "purport to mount both facial and as-applied challenges" under the Second Amendment and "appear" to mount an as-applied challenge pursuant to the Free Exercise Clause. (ECF No. 35, at 15). Under their alleged as-applied Second Amendment and as-applied Free Exercise challenges, the court declined to enjoin the Code's firearm restrictions within the 100-yard buffer zones surrounding places of public assembly. (*Id.* at 42-43, 55-56).

Regarding these two facets of the court's partial denial, SSJC and Rabbi Shapiro filed the at-issue motion on September 24, 2026.[5] In it, they seek reconsideration under Fed.R.Civ.P. 54(b) or, in the alternative, entry of an injunction pending appeal pursuant to Fed.R.Civ.P. 62(d).

---

[4] The other case is *Barreto v. Montgomery Cnty.*, No. 26-cv-2912-DKC (D.Md. 2026). (*See* ECF No. 21, at 1). "[F]or now, the cases [are] coordinated, but not consolidated." (*Id.*).

[5] SSJC and Rabbi Shapiro do not seek reconsideration of the court's other rulings, including rejection of their facial challenge to the 100-yard buffers under the Second Amendment. (*See* ECF No. 35, at 38-42).

SSJC and Rabbi Shapiro argue that the court's decision contained three clear errors that "will cause" manifest injustice. (ECF No. 39-1, at 12). Two pertain to their alleged as-applied Second Amendment challenge; and the third goes to their as-applied Free Exercise Clause challenge.

As for their Second Amendment challenge, SSCJ and Rabbi Shapiro assert that (1) the court "incorrectly applied a pre-*Bruen* standard that was untethered from history and tradition and placed the burden on the individuals raising the challenge instead of placing it on the government as *Bruen* requires"; and (2) because of that alleged error, the court incorrectly concluded that SSJC and Rabbi Shapiro had failed to demonstrate a likelihood of success on the merits as to their alleged as-applied claim. (*Id.*). They also make several additional arguments, including that Defendants cannot carry their burden as to the 100-yard buffers around places of worship, parks, and schools, (*id.* at 16-22); and that Rabbi Shapiro and SSJC's members both properly raised as-applied challenges and are all entitled to relief, (*id.* at 22–23).

Regarding their Free Exercise Clause challenge, SSJC and Rabbi Shapiro assert that the court incorrectly analyzed the merits of their as-applied claim. (*Id.* at 12). More specifically, SSJC and Rabbi Shapiro contend that the court failed to consider "relevant comparators," including an exemption for transporting

firearms in a vehicle under Section 57-11(b)(6). (*See id.* at 9, 26-27).

The requested injunction pending appeal parallels the relief requested in their motion for reconsideration. (*See* ECF Nos. 5-4, at 2; 5-5, at 2; 39-1, at 31; 39-2, at 1).

Defendants filed their response in opposition on October 8, 2026. (ECF No. 45). SSJC and Rabbi Shapiro filed their reply on October 13, 2026. (ECF No. 47).

**II. Rule 54(b) Reconsideration**

Fed.R.Civ.P. 54(b), in pertinent part, empowers district courts to reconsider and modify interlocutory orders "at any time before the entry of a judgment"; district courts may do so at their discretion. *Boyd v. Coventry Health Care Inc.*, 828 F.Supp.2d 809, 813 (D.Md. 2011) (quoting Fed.R.Civ.P. 54(b)); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quoting *Canoe Ass'n*, 326 F.3d at 515). "Importantly, a motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by

the court." *Innes v. Bd. of Regents of the Univ. Sys. of Maryland*, 121 F.Supp.3d 504, 507 (D.Md. 2015). In such circumstances, relief is rarely appropriate. *Boyd*, 828 F.Supp.2d at 814.

The bar for reconsideration is high. The United States Court of Appeals for the Fourth Circuit has suggested "that Rule 54(b) requires that a challenged decision be so 'dead wrong' that it 'strike[s] us as wrong with the force of a five-week-old, unrefrigerated dead fish.'"[6] *Chavez-Deremer v. Med. Staffing of Am., LLC*, 147 F.4th 371, 414 (4th Cir. 2025) (quoting *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018)). Legal precedent showing that an alternative resolution was possible is not sufficient to meet this high bar. *Id.*; *John C. Grimberg Co. v. Nudura Corp.*, 806 F.Supp.3d 554, 558 (D.Md. 2025).

**A. Second Amendment**

**1. Arguments for Reconsideration**

As described above, SSJC and Rabbi Shapiro assert two main arguments for reconsideration of their alleged as-applied Second Amendment challenge to the 100-yard buffers. First, SSJC and Rabbi Shapiro argue that the court erred by using an incorrect as-applied

[6] The Fourth Circuit recently expressed "doubts" about the strictness of this standard, *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 730 n.6 (4th Cir. 2026). Still, before reconsideration is appropriate, a court must be persuaded that a prior ruling was incorrect.

standard set out in a pair of pre-*Bruen* Eighth Circuit cases. (ECF No. 39-1, at 14). In a separate section about overarching legal standards that govern a preliminary relief motion, the court quoted the following language from the Eighth Circuit: to succeed on an as-applied challenge, a challenger "must establish (1) that the Second Amendment protects his particular conduct, and (2) that his [particular prohibitor] is insufficient to justify the challenged regulation of Second Amendment rights." *United States v. Lehman* 8 F.4th 754, 757 (8th Cir. 2021) (quoting *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019)); (*see* ECF No. 35, at 16). SSJC and Rabbi Shapiro believe that in doing so, the court improperly placed the burden of proof on them instead of Defendants. (ECF No. 39-1, at 8). They further argue that *Bruen* subsequently altered the allocation of the burden of proof, and that under *Bruen*, a government must justify its regulation by demonstrating it is consistent with the Nation's historical tradition of firearm regulation. (*Id.* at 15).

Contrary to SSJC and Rabbi Shapiro's assertions, however, the court did not rely on the allocation of burden articulated in the Eighth Circuit's *Lehman* test. (*See* ECF No. 47, at 5). Instead, the court concluded that "it is not clear" that Rabbi Shapiro properly asserted an as-applied challenge at all. (ECF No. 35, at 42). The court merely "set out the question" of the propriety of

Rabbi Shapiro's alleged as-applied challenge and determined that in its "current" form, it failed. (*Id.* at 43).

Additionally, where an action includes a claim that has "characteristics of both" a facial and as-applied challenge, the Supreme Court of the United States has stated that "[t]he label is not what matters. The important point is that plaintiffs' claim and the relief that would follow . . . reach beyond the particular circumstances of these plaintiffs. They must therefore satisfy our standards for a facial challenge to the extent of that reach." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010); *see also Christian v. James*, 176 F.4th 189, 204 (2d Cir. 2026) (determining that the plaintiffs did not articulate an as-applied theory in their preliminary injunction motion and declining to consider the challenge in summary judgment appeal), *petition for cert. filed* (Sep. 16, 2026) (No. 26-374).

While SSJC and Rabbi Shapiro's complaint mentions an as-applied challenge under the Second Amendment, the relief it requests in the very next paragraph stretches beyond the plaintiffs themselves. (ECF No. 1, at 19 (prayer for relief ¶¶ C, D)). By contrast, the preliminary relief motion did not specify that it mounted an as-applied challenge; it did, however, echo the sweeping relief SSJC and Rabbi Shapiro requested in their complaint. (*See* ECF Nos. 5-4, at 2; 5-5, at 2). It baldly stated that "Montgomery

County's ban on firearms in places of worship violates the Second Amendment on its face because it infringes on the right to keep and bear arms for self-defense and has no basis in our nation's historical traditions." (ECF No. 5-1, at 5). And in their reply in support of their preliminary relief motion, SSJC and Rabbi Shapiro assert that their "Second Amendment claim challenges not only Montgomery County's ban on firearms in places of worship, but also its ban on firearms within 100 yards of *any* place of public assembly." (ECF No. 29, at 9 (emphasis added)). This statement underscores that SSJC and Rabbi Shapiro sought far-reaching relief to enjoin completely the operation of Section 57-11(a). SSJC and Rabbi Shapiro contend that, at the September 3, 2026, preliminary injunction hearing, they argued for an as-applied challenge. (ECF No. 47, at 4-5). They did not do so; instead, they appear to have stated they would be satisfied with individualized relief. (*See* ECF No. 38, at 102:10–103:11). Indeed, as counsel for SSJC stated at the hearing, SSCJ and Rabbi Shapiro "asked for broader relief" as reflected in their proposed order. (*Id.* at 103:5-6).

Considered altogether, SSJC and Rabbi Shapiro's requested relief "reach[ed] beyond the[ir] particular circumstances," and therefore, they needed to satisfy the facial challenge standard to the extent of their requested relief. *Reed*, 561 U.S. at 194. Indeed, SSJC and Rabbi Shapiro state so in their reply. (ECF No.

47, at 3). As a result, the court analyzed what was before it: not an as-applied challenge, but a facial challenge, and found that it failed—a conclusion not challenged by SSJC and Rabbi Shapiro in their motion.[7] (*See* ECF No. 35, at 38-42). They insist, however, that "it does not follow that a plaintiff who fails to justify the broader reach forfeits the narrower," and point to the court's ruling on their challenge to firearm restrictions in their places of worship. (ECF No. 47, at 3). But the court already considered—and declined to grant—individualized relief under SSJC and Rabbi Shapiro's facial challenge of the 100-yard buffers.

Second, SSJC and Rabbi Shapiro argue that, in using the Eighth Circuit standards, the court incorrectly concluded they had not shown a likelihood of success on the merits of their alleged as-applied Second Amendment challenge. (ECF No. 39-1, at 14). The court merely referred to the Eighth Circuit cases to describe the contours of an as-applied challenge in contrast to a facial challenge. Later in the Opinion, the court went on to articulate their precise burden at the preliminary injunction stage. The burden **is** on them to prove that they are likely to prevail on the

[7] The court's findings as to the facial challenge derived from a *Bruen* analysis, (ECF No. 35, at 38-42)—the standard SSJC and Rabbi Shapiro contend the court should have applied in its consideration of their alleged as-applied challenge.

merits, *i.e.*, (1) that the challenged sections of the Code clash with the plain text of the Second Amendment and fall within it; and (2) that Defendants cannot "carry their burden of justifying the challenged statutes by demonstrating that they comport with the Nation's historical tradition of firearm regulation." *Nat'l Ass'n for Gun Rts. v. Lamont*, 153 F.4th 213, 229 (2d Cir. 2025), *cert. granted sub nom. Grant v. Higgins*, No. 25-566, 2026 WL 1871312 (U.S. June 30, 2026) (citing *Nken v. Holder*, 556 U.S. 418 (2009)); (ECF No. 35, at 21). SSJC and Rabbi Shapiro acknowledge as much in their motion for reconsideration, but press that the court required them to "affirmatively . . . disprove every justification the government might conceivably offer." (ECF No. 39-1, at 13-14). On a facial challenge at the preliminary injunction stage, that is what a plaintiff must show. *See United States v. Rahimi*, 602 U.S. 680, 693 (2024); (ECF No. 35, at 38, 42). As discussed above, because SSJC and Rabbi Shapiro's requested relief reached beyond their particular circumstances, they needed to satisfy the facial challenge standard to the extent of their requested relief. The court did go on to make an attempt to describe what an as-applied challenge would look like, and concluded that Rabbi Shapiro had failed. (ECF No. 35, at 43). He has not shown that the ruling was wrong.

**2. Additional Arguments**

Beyond identifying these two alleged errors meriting reconsideration, SSJC and Rabbi Shapiro float a couple of additional arguments. First, they argue that Defendants cannot carry their burden of justifying the 100-yard buffers around places of worship, parks, and schools, and closely examine historical analogues for the first time. But SSJC and Rabbi Shapiro cannot use their motion for reconsideration to present new arguments about these buffers that they could have made in their original motion. "[A]llowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022). SSJC and Rabbi Shapiro cannot expand their arguments about the 100-yard buffers from what was once a single paragraph around a dozen lines long about buffer zones generally, into analysis spanning just shy of a dozen *pages* in their current motion and including examination of buffer zones surrounding places of worship, parks, and schools specifically. (*See* ECF Nos. 5-1, at 15-16; 39-1, at 13-23).

SSJC and Rabbi Shapiro seemingly acknowledge they could have made these very arguments during the preliminary relief briefing. For context, in their preliminary relief opposition, Defendants pointed to an earlier Second Amendment challenge to a previous iteration of the challenged 100-yard buffers here. (ECF No. 26-

1, at 30 (citing *Md. Shall Issue, Inc. v. Montgomery Cnty.*, 680 F.Supp.3d 567, 590 (D.Md. 2023)). While Defendants did not list out the "numerous" historical analogues they argued that case credited them with supplying, Defendants did direct SSJC and Rabbi Shapiro to the case itself. (*Id.*). Now, in a footnote to their motion for reconsideration, SSJC and Rabbi Shapiro chide Defendants for not identifying the relied-upon historical analogues, and state they will "[n]onetheless" evaluate them. (ECF No. 39-1, at 16 n.3). But SSJC and Rabbi Shapiro could have taken that step during the preliminary relief briefing, instead of belatedly on a motion for reconsideration. On this score, SSJC and Rabbi Shapiro's current motion thus appears to be a renewed motion for preliminary injunction cloaked as a motion for reconsideration.

Second, SSJC and Rabbi Shapiro contend that both Rabbi Shapiro and SSJC's members properly raised as-applied challenges and are all entitled to relief. (ECF No. 39-1, at 22-23). But as discussed earlier, any alleged as-applied challenge called for application of the facial challenge standard because of the sweeping scope of requested relief. *See Reed*, 561 U.S. at 194

**B. Free Exercise Clause**

SSJC and Rabbi Shapiro argue that reconsideration is warranted because the court "incorrectly analyzed the merits" of

their as-applied Free Exercise Clause challenge of the Code's restrictions on firearms within 100 yards of places of public assembly. (ECF No. 39-1, at 12). They raise a singular issue: that the court failed to consider "relevant" comparable secular activities when assessing whether the challenged provisions under Chapter 57 of the Code are neutral and generally applicable. (*Id.* at 8). They assert that the vehicle exemption to Section 57-11 is a relevant comparable secular activity. (*Id.* at 26).

The Free Exercise Clause does not apply when the government does not burden religious exercise. *Fulton v. City of Phila.*, 593 U.S. 522, 532 (2021); *Kim v. Bd. of Educ. of Howard Cnty.*, 93 F.4th 733, 747 (4th Cir. 2024). The burden analysis for the 100-yard buffers is different than that for places of worship. The former is a neutral, generally applicable provision as discussed below, while the latter explicitly refers to religion. *See Kim v. Bd. of Educ. of Howard Cnty.*, 641 F.Supp.3d 223, 238 (D.Md. 2022) (finding the challenged law was neutral and generally applicable where it did not "'expressly discriminate' on the basis of religion" and did not "even *mention* religion"), *aff'd*, 93 F.4th 733 (4th Cir. 2024). As relevant to the 100-yard buffer provision, "pressure" from a government's law "to change or modify one's actions, which would otherwise violate a person's sincerely held religious beliefs" amounts to a cognizable burden. *Polk v. Montgomery Cnty.*

*Pub. Schs.*, 166 F.4th 400, 413 (4th Cir. 2026) (citing *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 717-18 (1981)).

Unlike their robust arguments about their sincerely held religious beliefs to carry a firearm within their places of worship, SSJC and Rabbi Shapiro provided much less about walking while armed through the 100-yard buffer zones to get there. Rabbi Shapiro's declaration is the only one that specifically addresses the 100-yard buffers. And in it, Rabbi Shapiro declares that he is required by his "sincerely held religious beliefs" to "walk to the synagogue for communal prayer"—not to walk *while armed* to synagogue. (ECF No. 5-2 ¶ 11). Their preliminary relief briefing thus seems to emphasize how Jewish law obligates Rabbi Shapiro to walk to synagogue on the Sabbath and Jewish holidays but does not clearly articulate a religious mandate to do so *while armed*. (ECF No. 5-1, at 9, 17). And in their complaint, each of the religious texts SSJC and Rabbi Shapiro provide seem to have been framed as supporting their desire to carry firearms as part of their Security Team *within* their place of worship, not carry firearms *to* such places. (*See, e.g.*, ECF No. 1 ¶¶ 30-32). On this basis, the court was not convinced that, as to the 100-yard buffers, Rabbi Shapiro had alleged a cognizable burden.

But even if the 100-yard buffers incidentally burden religion, such laws "are ordinarily not subject to strict scrutiny

under the Free Exercise Clause so long as they are neutral and generally applicable." *Fulton*, 593 U.S. at 533 (2021) (citing *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 878–82 (1990)). The 100-yard buffer provision is neutral because it does not discriminate on its face—it does not mention religion. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993). It is also neutral because it was not enacted "because of," but instead "in spite" its effect on religion. *Alive Church of the Nazarene, Inc. v. Prince William Cnty.*, 59 F.4th 92, 108 (4th Cir. 2023); (*see* ECF Nos. 26-1, at 21; 26-11, at 3).

The 100-yard buffer provision is also generally applicable. A law is not generally applicable if it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Fulton*, 593 U.S. at 534. Critically, whether two activities are comparable must be evaluated against the asserted government interest that justifies the at-issue law. *Tandon v. Newsom*, 593 U.S. 61, 62 (2021). SSJC and Rabbi Shapiro contend that the court should have evaluated the vehicle exemption in Section 57-11(b)(6) as a comparable secular activity. (ECF No. 39-1, at 26-27). But the court did not do so because the vehicle exemption[8] does not

[8] The opinion also did not evaluate another vehicle exemption in Chapter 57 of the Code as a comparable secular activity. (ECF No. 35, at 3, 55). It did, however, note that Rabbi Shapiro could

undermine the Code's asserted interests "in a similar way" as non-secular carry by foot that is regulated in Section 57-11(a)(1). The distinctions between carrying a firearm on foot versus in a car as dictated by the vehicle exemption do not demonstrate that the two activities undermine the County's interest in preventing gun violence in "a similar way."

It, thus, would be appropriate to consider secular individuals seeking to carry firearms by foot under the 100-yard buffer provision as a comparable secular activity to how Rabbi Shapiro seeks to do the same. And that approach remains consistent with the strictures of the Free Exercise Clause analysis. Indeed, the County's reason for regulating the religious conduct of walking through a buffer zone while armed applies "with equal force" to the comparable secular conduct of walking through a buffer zone while armed. *Fulton*, 593 U.S. at 610 (Alito, J., concurring). Therefore, the 100-yard buffer provision is generally applicable.

Because the 100-yard buffer zone provision is both neutral and generally applicable, only rational basis review applies. Under this level of scrutiny, "a classification enjoys a strong presumption of validity and is constitutional as long as 'there is a rational relationship between the disparity of treatment and

---

not avail himself of a vehicle exemption. (*Id.* at 55). SSJC and Rabbi Shapiro challenged neither Section 57-10 nor Section 57-11(b)(6) in their preliminary relief briefing.

some legitimate governmental purpose.'" *United States v. Timms*, 664 F.3d 436, 447 (4th Cir. 2012) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Where rational basis review applies, the challenger "bears the burden of negating 'any reasonably conceivable state of facts that could provide a rational basis.'" *Kim*, 93 F.4th at 749 (quoting *Heller*, 509 U.S. at 320). SSJC and Rabbi Shapiro had not even attempted to make that showing. The Fourth Circuit has reasoned that "generally applicable and religion-neutral laws virtually never violate the Free Exercise Clause." *Brzonkala v. Va. Polytechnic Inst. and State Univ.*, 169 F.3d 820, 881 (4th Cir. 1999) (en banc); *Kim*, 641 F.Supp.3d at 237. This law is no exception.

**III. Rule 62(d) Injunction Pending Appeal**

Under Fed.R.Civ.P. 62(d), a party may move for an injunction pending appeal. The standard for granting an injunction pursuant to this rule is the same as the typical preliminary injunction standard[9] "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of

---

[9] "Under the *Winter* standard, the movant 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alterations in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

that action has been conclusively determined." *Nken*, 556 U.S. at 434; *Jensen v. Maryland Cannabis Admin.*, 719 F.Supp.3d 466, 486 (D.Md. 2024), *aff'd*, 151 F.4th 169 (4th Cir. 2025), *cert. denied*, 146 S. Ct. 1626 (2026). Because they do not now seek relief distinct from what the court previously evaluated, SSCJ and Rabbi Shapiro have not met their burden for entry of an injunction pending appeal.

**IV. Conclusion**

For the foregoing reasons, SSJC and Rabbi Shapiro's motion will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge