No. 26-2623

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

SILVER SPRING JEWISH CENTER, ET AL.
Appellants,

v.

MONTGOMERY COUNTY, MARYLAND,
Appellee.

---

## APPELLANTS' UNOPPOSED MOTION TO SET A FORMAL BRIEFING SCHEDULE

Pursuant to Federal Rule of Appellate Procedure 27 and Fourth Circuit Rule 34(b), Appellants move for leave to file formal, rather than informal, opening and reply briefs.

Appellant Silver Spring Jewish Center ("SSJC") is an Orthodox Jewish synagogue in Silver Spring, Maryland. For gatherings of its members, the Center has a religious obligation to provide a security team composed primarily of trained volunteers. Appellant Menashe Shapiro is an ordained, Orthodox Jewish rabbi and one of the volunteer members of the SSJC security team.

Earlier this year, Appellants brought First and Second Amendment challenges to a Montgomery County Ordinance that prohibits the

possession of firearms in certain defined places of public assembly—including places of worship like SSJC—or within 100 yards of such locations. *See* Montgomery County Code § 57-11(a)(1); *see also* Dist. Ct. Dkt. 1. This ordinance made it impossible members of the SSJC security team, including Rabbi Shapiro, to transport firearms to, or to possess firearms within, the synagogue for worship services.

The district court preliminarily enjoined the County's ordinance insofar as it prohibited the possession of firearms within the synagogue. *See* Dist. Ct. Dkts. 35, 36. But the district court denied Appellants' requested injunction respecting the ban on possession within 100-yards of places of public assembly. *See* Dist. Ct. Dkts. 35, 36, 48, 49. This appeal concerns whether the 100-yard ban violates the First and Second Amendments. Although SSJC and the Defendant County are represented by counsel, Rabbi Shapiro is proceeding pro se, which led to entry of an informal briefing order. Dkt. 2.

Formal briefing is appropriate for at least three reasons. First, although Rabbi Shapiro is proceeding pro se, both Silver Spring Jewish Center and Defendant are represented by counsel. In the district court, Rabbi Shapiro—who is a third-year law student and ably presented his

case before the district court—coordinated briefing and oral arguments with Silver Spring Jewish Center. And Appellants intend to continue coordinating the presentation of the case before this Court. Thus, while this case involves a pro se plaintiff, it is not the typical pro se case that Rule 34(b) contemplates for informal briefing.

Second, this case presents weighty constitutional issues that would benefit from the full development afforded by formal briefing. Full consideration of these issues is particularly important because multiple cases currently pending before this Court and the District of Maryland concern the same ordinance and issues involved in this appeal. *See Maryland Shall Issue, Inc. v. Montgomery County*, No. 23-1719 (4th Cir., Appeal Docketed July 10, 2023); *Barreto v. Montgomery County*, No. 26-2473 (4th Cir., Appeal Docketed Oct. 16, 2026); *United States v. Montgomery County*, No. 8:26-cv-3025 (D. Md. Aug. 3, 2026).

Third, Appellants believe that oral argument will aid the Court in deciding the significant constitutional questions presented. But most informally briefed cases are decided without oral argument. *See* Fourth Circuit Rule 34(b) (providing a separate procedure for oral argument in informally briefed appeals). Although oral argument is not guaranteed

for formally briefed cases, it is far more common than for informally briefed, pro se cases. *See* Fourth Circuit Rule 46(f) (noting that cases involving pro se litigants "are ordinarily not scheduled for oral argument").

Appellants certify that they have conferred with counsel for Appellee and that Appellee consents to formal briefing on appeal.

## Conclusion

Appellants respectfully request that the Court establish a formal briefing schedule in this case.

Dated: November 12, 2026

Respectfully submitted,

/s/ Andrew J. Morris

Jacob Huebert
Andrew J. Morris
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22204
(202) 869-5210
Jacob.Huebert@ncla.legal

Eric S. Baxter
Daniel L. Chen
Benjamin A. Fleshman
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., NW
Suite 400
Washington, DC 20006
(202) 995-009
ebaxter@becketfund.org

*Counsel for Appellant Silver Spring Jewish Center*

/s/ J. Menashe Shapiro
Rabbi J. Menashe Shapiro
805 Whittington Terrace
Silver Spring, MD 20901
T: (216) 645-2094
F: (216) 831-3736
RabbiMenasheShapiro@-
gmail.com

*Pro Se Appellant*

**Certificate of Compliance**

I certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 567 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Rule 32(a)(6), as incorporated by Rule 27(d)(1)(E), because it was prepared in Microsoft Word using 14-point Century Schoolbook.

Dated: November 12, 2026

/s/ Andrew J. Morris
Andrew J. Morris