IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

JULIO BARRETO, JR., et al.,

Plaintiffs,

vs.

MONTGOMERY COUNTY, MARYLAND,

Defendant.

Civil Case No: 8:26-cv-02912-DKC

and

SILVER SPRING JEWISH CENTER, et al.,

Plaintiffs,

vs.

MONTGOMERY COUNTY, MARYLAND,

Defendant.

Civil Case No: 8:26-cv-02963-DKC

TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING
BEFORE THE HONORABLE DEBORAH K. CHASANOW
UNITED STATES DISTRICT COURT JUDGE
THURSDAY, SEPTEMBER 3, 2026, AT 9:31 A.M.

***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***

APPEARANCES:

On Behalf of Plaintiffs (8:26-cv-02912):

BY: MARK WILLIAM PENNAK, ESQUIRE
Law Offices of Mark W. Pennak
7416 Ridgewood Avenue
Chevy Chase, MD 20815
(301)873-3671

On Behalf of Plaintiff
Silver Spring Jewish Center (8:26-cv-02963):

BY: JACOB H. HUEBERT, ESQUIRE
ANDREW MORRIS, ESQUIRE
New Civil Liberties Alliance
4250 N. Fairfax Drive
Suite 300
Arlington, VA 22203
(201)971-8860

On Behalf of Plaintiff
Rabbi J. Menashe Shapiro (8:26-cv-02963):

BY: RABBI J. MENASHE SHAPIRO, PRO SE
805 Whittington Terrace
Silver Spring, MD 20901
(216)645-2094

On Behalf of the Defendant:

BY: ERIN ASHBARRY, ESQUIRE
Office of the County Attorney Montgomery County Maryland
101 Monroe Street Third Floor
Rockville, MD 20850
(240)777-6700

BY: JEFFREY M. SCHWABER, ESQUIRE
DEANNA PETERS, ESQUIRE
RITOZEH SAINGBE, ESQUIRE
Stein, Sperling, Bennett, DeJong, Driscoll, PC
1101 Wootton Parkway
Rockville, MD 20852
(301)340-2020

Now, with respect to the 100-yard rule, in our case, the defendants have not even attempted to meet their burden under the Second Amendment. They don't cite any historical analogues that could justify the 100-yard rule. You know, they can say -- you know, they can kind of point to Judge Chuang's order that uses the late 19th century precedents, but that's, again, for the same reason they can't justify the places of worship ban, they can't justify the 100-yard rule. And -- but they don't even make that argument here, they don't meet their burden at all here.

And it's true, we don't make -- we don't make the same arguments that the Barreto plaintiffs make in -- about *Wolford.* But it is true that this statute operates, in effect, much like the statutes struck down in *Wolford* in that it does, indeed, restrict people from exercising the right that the Court recognized in *Bruen*, the right to carry a firearm as they go about their daily lives. It makes it essentially impossible, at least if you -- you know, not a person who drives a car. Some people don't have cars. Some people, like Rabbi Shapiro, have days in which they are allowed to use a car, and it makes it virtually -- essentially impossible for them to exercise the right that *Bruen* recognized.

And so that's another reason why it is invalid.

But, again, the defendants just haven't met their burden here with respect to the historical analogues at all.

**MR. PENNAK:** As to private property, I have.

**THE COURT:** As to -- and how?

**MR. PENNAK:** Because I've said it, first presumptively unconstitutional under the first step of the *Bruen* analysis; and second, the County hasn't justified as to private property. That's a facial challenge.

**THE COURT:** Okay. All right. I don't want to go through this again.

All right. Next point?

**MR. PENNAK:** Okay. Those are the two points I wanted to stress with you. I think those are pretty clear.

I don't -- I'll defer further to the extent anything else comes up. Thank you.

**THE COURT:** Okay. Mr. Huebert?

**MR. HUEBERT:** Very briefly, Your Honor.

The plaintiffs' burden at the preliminary injunction stage and in a facial challenge doesn't present any problem for the plaintiffs in our case.

Ultimately, this case is going to come down -- on the Second Amendment, it's going to come down to whether the defendants can provide appropriate historical analogues to justify these bans. That's -- that's the issue the parties dispute, that's what this case is going to come down to. And the defendant's failure to present relevant analogues is -- at this stage is why they are likely to ultimately fail on the