**No. 26-2623**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

SILVER SPRING JEWISH CENTER, INC.; RABBI J. MENASHE SHAPIRO,
*Plaintiffs-Appellants*,

v.

MONTGOMERY COUNTY, MARYLAND,
*Defendant-Appellee*.

---

On Appeal from the United States District Court for the District of Maryland
No. 8:26-cv-02963-DKC (Hon. Deborah K. Chasanow)

---

# PLAINTIFFS-APPELLANTS' REPLY TO DEFENDANT-APPELLEE'S OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL

---

Jacob Huebert
Andrew J. Morris
Markham S. Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
jacob.huebert@ncla.legal
andrew.morris@ncla.legal

*Counsel for Plaintiff-Appellant Silver Spring Jewish Center, Inc.*

[Additional counsel listed on signature page]

Rabbi J. Menashe Shapiro
805 Whittington Terrace
Silver Spring, MD 20901
(216) 645-2094
RabbiMenasheShapiro@gmail.com

*Pro Se Plaintiff-Appellant*

Plaintiffs-Appellants Silver Spring Jewish Center ("SSJC") and Rabbi J. Menashe Shapiro respectfully submit this reply in support of their motion, CA4 Doc. 4-1, for this Court to issue an injunction pending appeal barring Defendant-Appellee Montgomery County, Maryland, from enforcing its ban on firearms within 100 yards of any "place of public assembly" against SSJC's members and Rabbi Shapiro while they walk between their homes and their synagogue on the Sabbath and Jewish holidays.

Plaintiffs-Appellants' Motion anticipated and substantially responded to most of the arguments advanced by the County's Opposition, CA4 Doc. 14-1. To expedite consideration of this urgent motion—and noting that "[t]he Court will not ordinarily await the filing of a reply" before ruling, 4th Cir. R. 27(d)(2)—Plaintiffs-Appellants here only highlight a few significant mischaracterizations and dispositive omissions in Defendant-Appellee's argument. In choosing to submit a narrow reply, Plaintiffs-Appellants do not concede or waive any of the points or arguments advanced by the County.

First, the County mischaracterizes the burdens placed on SSJC's and Rabbi Shapiro's religious exercise. The district court correctly found that the County's ordinance burdens Plaintiffs' religious exercise by preventing them from having firearms in the synagogue. Dkt. 35 at 47–48. But as part of their religious exercise, congregants must walk to synagogue on the Sabbath and other holidays. Dkt. 5-2 ¶

11; Dkt. 35 at 9. Walking on those days is part and parcel of their religious exercise, too. To walk to synagogue, congregants must pass multiple schools and other houses of worship. *See* Dkt. 5-2 ¶ 11; Dkt. 35 at 9. But they cannot do that while armed because of the 100-yard rule. Thus, no member of SSJC's security team can have a firearm in the synagogue because they cannot even transport a firearm to the front door. The 100-yard rule thus burdens their ability to provide a security detail according to their religious beliefs. Defendants completely ignore this burden and have thus conceded the point.

The 100-yard rule separately burdens congregants' religious obligation to provide for their own and their family's security while in their community. Dkt. 5-2 ¶ 9; Dkt. 35 at 9. This is the distinct burden that the district court rejected and with which the County now quibbles. Plaintiffs properly preserved this argument below. *See, e.g.*, Dkt.5-1 at 13 (arguing that 100-yard rule burdens right to protect self and family while walking to synagogue). But even if this Court does not accept this distinct burden, it should at least recognize that the 100-yard rule burdens Plaintiffs' ability to provide for a security team within the synagogue itself.

Second, the County also fails to provide a reasonable argument for why the 100-yard rule is generally applicable. The County says that in pursuing its interest to prevent gun violence near places of public assembly, it "drew its line at the vehicle." CA4 Doc. 14-1 at 15. But the County does not explain why the individual

in the vehicle poses any less of a risk of violence than the person who leaves their vehicle, or how giving assailants an opportunity to "hid[e]" their gun and have an "easier time escaping" with a vehicle does not undermine its asserted interest of "preventing gun violence 'in or near places of public assembly.'" *Id.* at 20–21. Indeed, the County admits that a permit holder (like Rabbi Shapiro and the other members of the SSJC security team) does not even need to have their firearm in a locked box while in the vehicle. *Id.* There is no reason that a permit holder on foot should pose any greater risk of violence than that same permit holder in his vehicle. The County thus permits conduct "that undermines [its] asserted interests in a similar way" to the religious exemption requested here. *Fulton v. City of Philadelphia*, 593 U.S. 522, 534 (2021). The ordinance must therefore satisfy strict scrutiny.

Finally, the County does not attempt to argue that the buffer-zone prohibition meets strict scrutiny. *See* CA4 Doc. 14-1 at 18 (addressing "rational basis review"); *see generally id.* at 16-21. Even in the district court, the County asserted in a heading that "[t]he 100-Yard Rule does not fail strict scrutiny," but supported that claim only by stating that "strict scrutiny does not apply." Dkt. 45 at 27. At this stage and at least for the purposes of this motion, any meaningful argument the County could have advanced must be deemed waived. *See Stokes v. Stirling*, 64 F.4th 131, 137 (4th Cir. 2023) (treating "failure to raise or discuss an

issue in [an] appellate brief" as "an abandonment of that issue"); *Phila. Yearly Meeting of Religious Soc'y of Friends v. U.S. Dep't of Homeland Sec.*, 187 F.4th 187, 206 (4th Cir. 2026) (treating failure to raise an "argument in the district court" as "waived"). The County's failure to meet its burden conclusively means that Plaintiffs-Appellants have shown a likelihood of success, at least on their Free Exercise Clause Claims. *See* CA4 Doc. 4-1 at 27 (citing *Fulton*, 593 U.S. at 533).

## CONCLUSION

The Court should enjoin Defendant, pending appeal, from enforcing Montgomery County Code § 57-11(a)(1) against Rabbi J. Menashe Shapiro and against members of Silver Spring Jewish Center, Inc. who hold a permit to wear, carry, or transport a handgun issued under Maryland law, to the extent that provision prohibits them from possessing or transporting a handgun while walking between their respective homes and their synagogue on the Sabbath and Jewish holidays.

Dated: November 18, 2026

Respectfully submitted,

/s/ Jacob Huebert

Jacob Huebert
Andrew J. Morris
Markham S. Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
jacob.huebert@ncla.legal
andrew.morris@ncla.legal

Eric S. Baxter
Daniel L. Chen
Benjamin A. Fleshman
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave., NW, Suite 400
Washington, DC 20006

*Counsel for Plaintiff-Appellant*
*Silver Spring Jewish Center, Inc.*

/s/ J. Menashe Shapiro

Rabbi J. Menashe Shapiro
805 Whittington Terrace
Silver Spring, MD 20901
(216) 645-2094
RabbiMenasheShapiro@gmail.com

*Pro Se Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

1. This reply complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 910 words.

2. This reply complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Jacob Huebert
Jacob Huebert

## CERTIFICATE OF SERVICE

I certify that on November 18, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will serve all registered CM/ECF users.

/s/ Jacob Huebert
Jacob Huebert