# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26–2623; Silver Spring Jewish Center, et al. v. Montgomery County, Maryland |
| **Originating No. & Caption** | 8:26–cv–02963; Silver Spring Jewish Center, et al. v. Montgomery County, Maryland |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland (Southern Division) |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292(a)(1) | |
| Time allowed for filing in Court of Appeals | 30 days (28 U.S.C. § 2107(a)) | |
| Date of entry of order or judgment appealed | See attached statement | |
| Date notice of appeal or petition for review filed | Nov. 6, 2026 | |
| If cross appeal, date first appeal filed | n/a | |
| Date of filing any post-judgment motion | See attached statement | |
| Date order entered disposing of any post-judgment motion | See attached statement | |
| Date of filing any motion to extend appeal period | See attached statement | |
| Time for filing appeal extended to | See attached statement | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |

If appeal is not from final judgment, why is order appealable?
The appeal is from a partial denial of a motion for a preliminary injunction which is appealable under 28 U.S.C. § 1292(a)(1).

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

United States Court of Appeals for the Fourth Circuit
Docketing Statement – Civil/Agency Cases
Supplemental Statement

**Jurisdiction**

This appeal seeks review of an order entered by the District Court on September 10, 2026. Dkt. 36.[1] The time allowed for filing in the Court of Appeals was tolled by Plaintiffs' Motion to Amend Judgment or, in the Alternative, for Injunction Pending Appeal filed September 24, 2026. Dkt. 39; *see Gelin v. Balt. Cnty.*, 122 F.4th 531, 537 (4th Cir. 2024). The district court denied that motion in an order entered on October 27, 2026. Dkt. 49.

---

[1] Record citations are to the district court docket, No. 8:26–cv-02963-DKC (D. Md.), by ECF number and the page number in ECF header.

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | See attached statement | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary?<br>***Only if the Court denies Appellants' Motion for an Injunction Pending Appeal (CA4 Doc. 4)** | ◉ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

The case below is a civil rights action under 42 U.S.C. § 1983 challenging the constitutionality of Defendant-Appellee Montgomery County, Maryland's newly enacted restrictions on carrying firearms in places of worship and within 100 yards of a defined but broad list of "places of public assembly." Plaintiffs-Appellants Silver Spring Jewish Center, Inc. and Rabbi J. Menashe Shapiro allege that these restrictions violate the First, Second, and Fourteenth Amendments to the U.S. Constitution.

On September 10, 2026, the district court partially granted Plaintiffs-Appellants' motion for a preliminary injunction as the restrictions applied to the Plaintiff-Appellants in their respective places of worship. However, the court denied preliminary relief concerning the 100-yard firearm buffer zones. On October 27, 2026, the district court denied Appellants' motion to amend the September 10 order.

This appeal concerns the partial denial and seeks as-applied preliminary injunctive relief permitting Rabbi Shapiro and SSJC's licensed members to carry farirearms while walking between their homes and their synagogue in accordance with their religious practices.

**Case Handling Requirements**

The following cases pending before this Court concern aspects of the same ordinance that Plaintiffs-Appellants challenge and/or raise similar issues:

1. *Maryland Shall Issue, Inc. v. Montgomery County*, No. 23–1719
2. *Barreto v. Montgomery County*, No. 26–2473

Finally, on November 16, 2026, the Supreme Court denied certiorari in *Novotny v. Moore*, No. 25–1324 (U.S. Nov. 16, 2026), declining to review this Court's decision in *Kipke v. Moore*, 1165 F.4th 194 (4th Cir. 2026), which concerned Second Amendment issues, but not the issues presented in this appeal.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Scope of Injunctive Relief Requested. Whether the district court erred in treating Plaintiffs-Appellants' challenge to the 100-yard buffer zone as a facial challenge, rather than crediting their request for as-applied preliminary relief, while simultaneously granting other as-applied relief.

2. Second Amendment. Whether the district court erred in denying preliminary relief under the Second Amendment where the County failed to demonstrate that the 100-yard buffer zone, as applied to Plaintiffs-Appellants, is consistent with the Nation's historical tradition of firearm regulation.

3. First Amendment. Whether the district court erred in denying preliminary relief under the Free Exercise Clause where the County's 100-yard buffer zone burdens Plaintiffs-Appellants' sincere religious exercise while exempting similarly situated licensed firearm carriers in motor vehicles and places of similar secular conduct.

4. Remaining Factors. Whether the district court abused its discretion in denying preliminary relief despite irreparable constitutional injuries alleged by Plaintiffs-Appellants and the balance of equities and public interest favoring relief.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Montgomery County, Maryland | Adverse Party: Montgomery County, Maryland |
| Attorney: Jeffrey M. Schwaber<br>Address: Stein Sperling Bennett De Jong Driscoll PC<br>1101 Wootton Parkway, STE 700<br>Rockville, MD 20852 | Attorney: See Attached Statement for Additional Counsel<br>Address: |
| E-mail: JSchwaber@steinsperling.com | E-mail: |
| Phone: 301-838-3210 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties**

Adverse Party: Montgomery County, Maryland

**Jeffrey M. Schwaber**
jschwaber@steinsperling.com
Fax: (301) 354-8110

**Deanna L. Peters**
dpeters@steinsperling.com
Fax: (301) 354-8131

STEIN SPERLING BENNETT DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
Tel: (301) 340-2020

**Erin J. Ashbarry**
OFFICE OF THE COUNTY ATTORNEY
101 Monroe Street, Third Floor
Rockville, Maryland 20850
erin.ashbarry@montgomerycountymd.gov
Tel: (240) 777-6700
Fax: (240) 777-6705

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Silver Spring Jewish Center, Inc.<br><br>Attorney: Jacob Horst Huebert<br>Address: New Civil Liberties Alliance<br>4250 N. Fairfax Drive, STE 300<br>Arlington, VA 22203<br><br>E-mail: **jacob.huebert@ncla.legal**<br><br>Phone: 202-869-5210 | Name: Silver Spring Jewish Center, Inc.<br><br>Attorney: See Attached Statement for Additional Counsel<br>Address:<br><br>E-mail:<br><br>Phone: |

**Appellant (continued)**

| | |
|---|---|
| Name: Rabbi J. Menashe Shapiro<br><br>Attorney: Pro Se<br>Address: 805 Whittington Terrace<br>Silver Spring, MD 20901<br><br>E-mail: **RabbiMenasheShapiro@gmail.com**<br><br>Phone: 216-645-2094 | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Jacob Huebert **Date:** 11/23/26

**Counsel for:** Silver Spring Jewish Center, Inc.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

Print to PDF for Filing Reset Form

**Appellant**

Appellant Silver Spring Jewish Center, Inc.

Jacob Huebert
Andrew J. Morris
Markham S. Chenoweth
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
jacob.huebert@ncla.legal
andrew.morris@ncla.legal
mark.chenoweth@ncla.legal

Eric S. Baxter
Daniel L. Chen
Benjamin A. Fleshman
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave., NW, Suite 400
Washington, DC 20006
(202) 955-0095
ebaxter@becketfund.org
dchen@becketfund.org
bfleshman@becketfund.org